Dana **WORLEY,** Plaintiff–Appellant,

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration,** Defendant–Appellee.

No. 01–56829.

D.C. No. CV–99–06395–MC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Dec. 13, 2002.

Before HALL, THOMPSON and WARDLAW, Circuit Judges.

## MEMORANDUM *

Dana Worley appeals the district court's summary judgment affirming the Administrative Law Judge's ("ALJ") denial of Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for further proceedings.

## I.

Worley was not employed, and the district court correctly determined that her impairments were "severe." Thus, Worley met steps one and two of the five-step sequential requirements of 20 C.F.R. § 404.1520.

## II.

Without giving sufficient reasons for doing so, the ALJ determined that Worley failed to meet the requirements of steps three and four. In this regard, the ALJ failed to give specific and legitimate reasons for rejecting the report of Worley's treating physician, Dr. Taus. Dr. Taus opined that Worley suffered from severe hypertension and major depression, and that those impairments rendered her unable to perform gainful work. Dr. Kim, the non-treating, examining internist, did not disagree with the existence of Worley's hypertension, but only with the extent to which it disabled her. Dr. Nguyen, the non-treating, examining psychiatrist, did not find that Worley suffered from major depression during his examination.

 The ALJ discredited Dr. Taus's opinion as to Worley's mental condition on the ground that Taus was not a psychiatrist. That was improper. A treating

* This disposition is not appropriate for publication and may not be cited to or by the courts

physician's opinion on the mental state of his patient constitutes competent psychiatric evidence even though the physician is not a certified psychiatrist. *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir.1995); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). With regard to Dr. Taus's opinion that Worley's physical condition was disabling, the ALJ rejected that opinion because Worley had only required routine office visits and tests and had not required aggressive therapy or in-patient stays. These reasons were insufficient, because the lack of aggressive treatment is not conclusive evidence that an impairment is mild or non-severe. *See, e.g., Lewis v. Apfel*, 236 F.3d 503, 518 (9th Cir.2001).

Because the ALJ failed to give specific and legitimate reasons for rejecting Dr. Taus's opinion, that opinion is entitled to be credited as a matter of law. *Lester*, 81 F.3d at 834. On remand, and considering whether Worley meets the requirements of step three, the ALJ must credit Dr. Taus's report and determine whether Worley's impairments met or equaled a listed impairment precluding substantial gainful activity. 20 C.F.R. § 404.1520(d); 20 C.F.R. Pt. 404 Subpt. P.App. 1, § 12.04. Moreover, in view of the requirement that Dr. Taus's opinion be credited as a matter of law, the ALJ should revisit and reconsider the credibility to be accorded Worley's subjective symptom testimony.

## III.

With regard to step four, the ALJ failed to make specific findings as to Worley's residual functional capacity, the physical and mental demands of her past relevant work, and the relationship between the past relevant work and her residual functional capacity. 20 C.F.R. §§ 404.1520(e) and 416.920(e); *Pinto v. Massanari*, 249

of this circuit except as may be provided by Ninth Cir. R. 36–3.

F.3d 840, 845 (9th Cir.2001). On remand, the ALJ shall do so, giving credit to Dr. Taus's report. Then, if necessary, the ALJ shall proceed to step five.

### IV.

Because the record in this case has not been full developed, we remand to the district court with instructions to remand to the ALJ to make specific findings with regard to steps three and four and, if necessary, step five.

REVERSED and REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.